UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARK H. ENSLEY**                                           **CIVIL ACTION**

**VERSUS**                                                         **NO. 22-4605**

**NORTHLAKE HOMELESS COALITION, ET AL.**     **SECTION: "H"(5)**

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Mark H. Ensley, against Defendants, the Northlake Homeless Coalition, the St. Tammany Community Action Agency, the National American Red Cross, the Madisonville American Red Cross, the St. Tammany Parish Emergency Management Agency, and the Louisiana State Community Development Department. (Rec. doc. 4, pp. 1, 4). Ensley was arrested in May 2022 and is currently an inmate at the St. Tammany Parish Jail. He alleges that he was assaulted by a fellow inmate, Maurice Tabb, in June 2022. He appears to claim generally that inaction by the defendant entities led to his being falsely arrested and imprisoned, and ultimately assaulted while in prison. (*Id.* at pp. 4-5). Plaintiff seeks monetary compensation and injunctive relief. (*Id.* at p. 6).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c).

Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

"Section 1983 enables persons who have been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States by the actions of a person or entity operating under color of state law to seek redress from those state actors responsible for the deprivations." *Orr v. Copeland*, 844 F.3d 484, 491–92 (5th Cir. 2016) (citing 42 U.S.C. § 1983) (internal quotations omitted). Title 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Claims under this section require an actual connection or link between the actions of the defendant entities and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where ... causation [is] absent.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts

or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, construing the complaint broadly and liberally, plaintiff alleges responsibility on the part of the defendant entities for his being falsely arrested, imprisoned, and then subsequently assaulted in prison, presumably because they failed to provide him housing assistance or other benefits or services through their programs. However, Ensley has not alleged how these entities could possibly be responsible for his arrest in May 2022, that clearly stemmed from Ensley's own criminal conduct. Moreover, the alleged assault by a fellow inmate occurred in June 2022, while Ensley was housed at the St. Tammany Parish Jail on criminal charges. Under no plausible factual scenario can Ensley establish a constitutional claim against the named independent entities—none of which have any connection to St. Tammany Parish Jail—for failing to protect Ensley from the alleged assault by a fellow inmate. Finally, the Court finds no basis for allowing Ensley leave to amend the complaint. His claims involving the arrest and assault already form the subject matter of another Section 1983 proceeding in this Court and allotted to a different section.[1] In that lawsuit, he named as defendants the inmate who assaulted him and prison officials, among others. He has chosen not to pursue that matter by refusing to submit a certified account statement as requested.

---

[1] *Mark H. Ensley v. James LeBlanc, et al.*, Civ. Action No. 22-4255 "I"(5).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this   5th   day of   January  , 2023.

                                            MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.